**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY GRACE ANCHETA, | No. 17-16755 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-06520-YGR |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Kelly Grace Ancheta appeals from the district court's order dismissing her diversity action alleging violations of state law arising from the foreclosure of her home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *AE ex rel. Hernandez v.*

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes ths case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We affirm.

The district court properly dismissed Ancheta's wrongful foreclosure claims arising from (1) defendants' allegedly improper assignment of the deed of trust, and (2) Mortgage Electronic Registration System's alleged lack of "agency relationship" with the beneficiary, because these defects render any such assignment voidable, not void. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 852 (Cal. 2016) (explaining that a voidable transaction is subject to ratification by the parties); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) (untimely assignment to a securitized trust made after the trust's closing date is merely voidable); *see also Chavez v. Indymac Mortg. Servs.*, 162 Cal. Rptr. 3d 382, 390 (Ct. App. 2013) (elements of wrongful foreclosure claim under California law). We reject as without merit Ancheta's contention that the assignments were invalid because they were robo-signed. *See Mendoza v. JPMorgan Chase Bank, N.A.*, 212 Cal. Rptr. 3d 1, 15 (Ct. App. 2016) (homeowners lack standing to challenge the validity of robo-signatures); *see also Chavez v. Indymac Mortg. Servs.*, 162 Cal. Rptr. 3d 382, 390 (Ct. App. 2013) (elements of wrongful foreclosure claim under California law).

The district court did not abuse its discretion by denying Ancheta leave to amend because amendment would be futile. *See AE ex rel. Hernandez*, 666 F.3d at 636 (setting forth standard of review and explaining that a district court may deny

leave to amend where the proposed amendments would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**